[MM 7315]
MICHAEL A. McLAUGHLIN, LLC
44 HENRY TERRACE
LINCOLN PARK, NEW JERSEY 07035
(973) 476-2579
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | | |
|---|---|---|
| FRANK GUNTESKI | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | **Docket No.** |
| vs. | : | |
| | : | |
| PHILLIPS 66/BAYWAY REFINERY | : | **COMPLAINT** |
| | : | |
| Defendant. | : | |

Plaintiff, FRANK GUNTESKI (hereafter referred as "Gunteski"), residing at 532 Parker Avenue, Brick, NJ 08724,, by way of Complaint against Defendant, PHILLIPS 66/BAYWAY REFINERY, (hereinafter referred to as "PHILLIPS 66"), maintaining its place of business at 1400 Park Avenue, Linden, NJ 07036, hereby declares and states:

### JURISDICTION AND VENUE

1.   This court has jurisdiction under and pursuant to the Age Discrimination in Employment Act - 29 U.S.C. §§ 621 *et. seq.*

2.   Venue is properly laid in this district and this vicinage because Gunteski resides in this district and vicinage, and PHILLIPS 66 maintains a place of business and operations in this district and this vicinage.

1

**PARTIES**

1.      Frank Gunteski ("Gunteski") is, and at all times relevant to this action was, an individual who resides at 532 Parker Avenue, Brick, NJ 08724, and is a former employee of PHILLIPS 66.

2.      PHILLIPS 66/BAYWAY REFINERY, ("PHILLIPS 66") is, and at all times relevant to this action was, a Delaware corporation licensed and authorized to do business in the State of New Jersey, engaging in the processing, manufacture, and sale of oil and oil related products. PHILLIPS 66 maintains its chief base of operations in New Jersey at 1400 Park Avenue, Linden, NJ 07036.

**COUNT I**

3.      This action is a Complaint for damages, monetary damages, liquidated damages, interest, attorneys' fees and costs of suit for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (2013)

4.      Gunteski was employed as a Rigger/Operator at the PHILLIPS 66 facility in Linden, NJ.

5.      Gunteski began working at the facility which is now the Phillips 66/Bayway Refinery on or about October 8, 1975.   Gunteski worked there for various predecessor Companies prior to the time that Phillips 66 took over the operation in May, 2012.

6.      On or about March, 2012, Gunteski was injured on the job while working. As a result of this injury, Gunteski was unable to work, and was receiving medical treatment from PHILLIPS 66's medical providers.

7.      On or about June 12, 2013, Gunteski was cleared to return to work with no restrictions by the PHILLIPS 66 designated medical provider Dr. Ilan Waldman.

8.  Despite being cleared to return to work by the PHILLIPS 66 designated medical provider Dr. Ilan Waldman, PHILLIPS 66 refused to permit Gunteski to return to work.

9.  On or about July 12, 2013, Gunteski was cleared to return to work with no restrictions by medical provider Neha Patel, P.A.

10.  Despite being cleared to return to work by medical provider Neha Patel, P.A., PHILLIPS 66 refused to permit Gunteski to return to work.

11.  On or about October 29, 2013, Gunteski was cleared to return to work with no restrictions by the PHILLIPS 66 designated medical provider Dr. Joshua Fiske.

12.  Despite being cleared to return to work with no restrictions by the PHILLIPS 66 designated medical provider Dr. Joshua Fiske, PHILLIPS 66 refused to permit Gunteski to return to work.

13.  In November, 2013, PHILLIPS 66 requested that Gunteski submit to a Functional Capacity Evaluation ("FCE"), and Gunteski took the FCE on or about November 5, 2013.

14.  Upon receipt of the FCE results, PHILLIPS 66 advised Gunteski that he did not pass the test as the weight restrictions had been revised, and Gunteski's FCE results did not indicate that he could lift the weight required of his job.

15.  Gunteski requested to take another FCE, but PHILLIPS 66 refused to allow Gunteski to do so, and advised Gunteski that he could never take the FCE again.

16.  In October, 2014, PHILLIPS 66 advised Gunteski that he could not be returned to work until after he completed another Functional Capacity Evaluation ("FCE"), and requested that Gunteski submit to an FCE.

17.     Gunteski took the FCE over the course of two (2) days. During the second day of the FCE, the individual administering the FCE stopped the test, told Gunteski that he "passed" and advised Gunteski that he did not have to complete the test.

18.     On or about November 5, 2014, PHILLIPS 66 finally permitted Gunteski to return to work.

19.     During the period from June 12, 2013 through to November 5, 2014, Gunteski was still an employee of PHILLIPS 66, but received no wages/pay, and was not permitted to return to work.

20.     During the period from June 12, 2013 through to November 5, 2014, Gunteski was still an employee of PHILLIPS 66, but PHILLIPS 66 made no effort to afford Gunteski a reasonable accommodation that would facilitate his return to work.

21.     On or about June 4, 2014, Gunteski filed a charge with the Equal Employment Opportunity Commission ("EEOC"), Docket #524-2014-00494, alleging that PHILLIPS 66 had and was engaging in a continuing act of discrimination against Gunteski on the basis of his age (61) under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (2013), and also on the basis of his disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213 (2013) (amended 2008).

22.     On or about June 4, 2014, Gunteski's EEOC charge was also filed with the New Jersey Division of Civil Rights ("NJDCR") alleging that PHILLIPS 66 had and was engaging in a continuing act of discrimination against Gunteski on the basis of his age (61) in violation of the ADEA and in violation of the New Jersey Law Against Discrimination ("NJ LAD"), N.J.S.A. 10:5-4 and/or N.J.S.A. 10:5-12, and also on the basis of his disability under the ADA and in violation of the NJ LAD, N.J.S.A. 10:5-4.1 and/or N.J.S.A.. 10:5-29.1.

4

23.     Due to his age, Gunteski (DOB: January 20, 1953; age: 61) is a member of a protected class under the ADEA.

24.     Due to his age, Gunteski (DOB: January 20, 1953) is a member of a protected class under the NJ LAD N.J.S.A. 10:5-4 and/or N.J.S.A. 10:5-12.

25.     Other PHILLIPS 66 employees, younger than Gunteski, and who are not members of the aforementioned protected classes under the ADEA and/or NJ LAD, upon failing a Functional Capacity Evaluation ("FCE") had/have been permitted to take multiple FCE's when they did not pass a first FCE.

26.     Other PHILLIPS 66 employees, younger than Gunteski, and who are not members of the aforementioned protected classes under the ADEA and/or NJ LAD, have been permitted to return to work after suffering an on the job injury solely based on a note from a medical provider advising that the employee has been cleared to return to work with no restrictions.

27.     Other PHILLIPS 66 employees, younger than Gunteski, and who are not members of the aforementioned protected classes under the ADEA and/or NJ LAD, have been permitted to return to work with a reasonable accommodation after suffering an on the job injury.

28.     On February 12, 2016, Gunteski received a "Right to Sue" letter, dated February 10, 2016, from the EEOC in regard to EEOC Docket #524-2014-00494. A copy of that February 12, 2016 "Right to Sue" letter is attached hereto as **Exhibit 1**.

29.     The "Right to Sue" letter advised that the EEOC was unable to conclude that that the information received established a violation with regard to Charging Party's allegations of Age Discrimination, and advised Gunteski that if he wished to pursue his allegations of Age Discrimination, he must sue Respondent in U.S. District Court.

20.     The "Right to Sue" letter advised that as a result of the EEOC's investigation, the EEOC determined that there is reasonable cause to believe Respondent has discriminated against Charging Party on the basis of Disability, and the EEOC has retained jurisdiction over Gunteski's allegations that Respondent discriminated against Gunteski on the basis of Disability.

31.     The "Right to Sue" letter advised that "[t]he Commission is unable to conclude that the information obtained establishes a violation with respect to the Charging Party's allegations that he was discriminated against due to age. This does not certify that Respondent is in compliance with the statute. If Charging Party wants to pursue this matter further, he has the right to sue the Respondent in U.S. District Court. **If Charging Party decides to sue, he must sue <u>within 90 days</u> from receipt of this notice, otherwise, the right to sue is lost.**" (Emphasis in original).

32.     The "Right to Sue" letter advised that "[t]he Commission's investigation indicates that Charging Party could have performed the essential functions of his job with a reasonable accommodation. Respondent failed to prove an undue hardship if given an accommodation."

33.     The "Right to Sue" letter advised that "[b]ased on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe Respondent has discriminated against Charging Party on the basis of Disability."

34.     The "Right to Sue" letter stated: "This determination is final. The statute requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to

believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a joint resolution of this matter."

35.     Since the issuance of the "Right to Sue" letter, PHILLIPS 66 and Gunteski have entered into the EEOC's conciliation process regarding Gunteski's allegations that Respondent discriminated him against on the basis of Disability.

36.     As a result of Respondent's actions in refusing to allow Gunteski to re-take the FCE in November, 2013, in refusing to allow Gunteski to return to work after he was cleared to return to work without restrictions by several medical providers, and by refusing to facilitate Gunteski's return to work by affording him a reasonable accommodation while other similarly situated employees, who are/were not in Gunteski's protected age class were allowed to re-take FCE's multiple times, were permitted to return to work after being cleared to return to work without restrictions by medical providers, and/or were afforded reasonable accommodations to facilitate their return to work, PHILLIPS 66 has discriminated against Gunteski on the basis of his age.

37.     The above described acts of age discrimination by PHILLIPS 66 against Gunteski constitute violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (2013), and the New Jersey Law Against Discrimination N.J.S.A. 10:5-4 and/or N.J.S.A. 10:5-12.

38.     By the acts of age discrimination described hereinabove, PHILLIPS 66 has caused Gunteski to suffer economic loss, lost wages, and other financial loss.

**WHEREFORE**, Plaintiff, Frank Gunteski, demands judgment against Defendant, Phillips 66 – Bayway Refinery, as follows:

1.     Monetary damages in the amount of two hundred fifty thousand dollars ($250,000.00), said amount representing remuneration for lost wages, and other financial loss incurred as a result of Defendant's unlawful actions;

2.     Liquidated Damages;

3.     Interest;

4.     Reasonable attorneys' fees, costs of suit; and

5.     Such other relief as the Court deems just and appropriate.

<div style="margin-left: 40%;">

MICHAEL A. McLAUGHLIN, LLC
*Attorneys for Plaintiff*

_____
MICHAEL A. McLAUGHLIN, ESQ.

</div>

Dated:  May 3, 2016